UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHEETAH MINER USA, INC.,

    Plaintiff,

v.

    Civil Case No. 23-10812
    Honorable Linda V. Parker

19200 GLENDALE, LLC,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 13]

On April 10, 2023, Plaintiff Cheetah Miner ("Plaintiff") filed an action against Defendant 19200 Glendale, LLC ("Defendant"), alleging that Defendant breached its leasing contract by "materially chang[ing] the electrical capacity available for Plaintiff's" Bitcoin mining business in violations of Michigan contract law and Michigan's Anti-Lockout Statute, Mich. Comp. Laws § 600.2918(2). (ECF No. 1 ¶ 30, Pg ID 4.) On the same day, Plaintiff filed an "Emergency Motion for Immediate Injunction" requesting that the Court enter an injunction requiring Defendant to "immediately restore the same level of electrical service as existed when Plaintiff took possessions of the premises." (ECF No. 2 at Pg ID 92.) However, because Plaintiff alleges that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) but failed to properly establish

citizenship for Defendant, which is an LLC, the Court entered an Order requiring Plaintiff to show cause as to why the Complaint should not be dismissed due to lack of diversity. (ECF No. 6.) Being satisfied with Plaintiff's response, the Court vacated the show cause order. (ECF No. 11.)

The matter is presently before the Court on Defendant's "Motion to Dismiss Plaintiff's Complaint for lack of Subject-Matter Jurisdiction." (ECF No. 13.) The motion is fully briefed. (ECF Nos. 14, 15.) On April 26, 2023, the Court held a motion hearing where the parties presented oral arguments. For the reasons that follow, the Court denies Defendants' motion.

## LEGAL STANDARD

"Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack challenges the sufficiency of the pleading itself. In that instance, the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). A factual attack, in comparison, challenges "the factual existence of subject matter jurisdiction." *Id.*

When a factual attack is raised, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* "[W]hen a defendant produces evidence challenging the factual existence of [subject matter jurisdiction], a plaintiff must generally prove [subject matter jurisdiction] with evidence, even at the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cnty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (citing *Taylor v. KeyCorp.*, 680 F.3d 609, 613 (6th Cir. 2012); *Superior MRI Servs., Inc. v. All Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)).

## APPLICABLE LAW AND ANALYSIS

When diversity of citizenship is the basis for jurisdiction, as it is here, the party asserting jurisdiction bears the burden to establish that the dispute is between citizens of different states and an existing controversy exceeding $75,000. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Geoshack Canada Co. v. Hendriks*, No. 22-3047, 2022 WL 2387340, at *1 (6th Cir. June 28, 2022); 28 U.S.C. 1332(a)(1). "Under this provision, there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v.*

3

*Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005)).  28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994).  For purposes of citizenship, a corporation's "principal place of business" is its "nerve center," which is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Hertz Corp.*, 559 U.S. at 80 (2010); *Reeves v. Solidarity House*, No. 20-10155, 2020 WL 13577533, at *1 (E.D. Mich. Dec. 7, 2020).

In the Complaint, Plaintiff states that "Plaintiff is a Delaware corporation with its principal place of business in Long Island, New York.  Plaintiff's two primary owners and corporate officers direct, control, and coordinate the corporation's activities from Long Island, New York."  (ECF No. 1 ¶ 2, Pg ID 1.)  However,  Defendant maintains that the Complaint should be dismissed because complete diversity does not exist among the parties as both parties are citizens of Michigan, which proves that this Court lacks subject-matter jurisdiction to hear the claims.  Specifically, Defendant, relying on its interpretation of the Supreme Court's ruling in *Hertz*, states that Plaintiff's principal place of business is Michigan because Plaintiff's "main headquarters are located in the State of

4

Michigan." (ECF No. 13 at Pg ID 311.) In support of its argument, Defendant directs the Court to Plaintiff's submission of an "Application for Certificate of Authority to Transact Business or Conduct Affairs in Michigan."[1] (Ex. A, ECF No. 13-2.) In the application, Plaintiff listed "the address of the main business or headquarters office of the corporation [as]: 602 Piquette Ave, Detroit MI 48202." (ECF No. 13 at Pg ID 311; Ex. A, ECF No 13-2 at Pg ID 319.) Further, Defendant maintains that the Certificate obtained by Plaintiff from the State of Michigan provides that Plaintiff has "the same rights and privileges as a domestic corporation," which means that Plaintiff is "actually incorporated [in Michigan]." (ECF No. 13 at Pg ID 314.) Finally, Defendant points to both Plaintiff's Facebook page, its website, and alleged application for economic development incentives as proof that Plaintiff holds itself out to be a citizen of Michigan.

Although the Supreme Court in *Hertz* stated that a corporation's principal place of business or "nerve center . . . [i]n practice . . . should *normally* be the place where the corporation maintains its headquarters," *Hertz Corp.*, 559 U.S. at 93, the

---

[1] Although Defendant primarily relies on this evidence to show that Plaintiff is a citizen of Michigan, at the motion hearing, Defendant conceded that this is a standard form used by the State of Michigan Department of Licensing and Regularity Affairs ("LARA") exclusively for "foreign business entities" seeking to transact business within Michigan. Defendant also acknowledges this in the motion to dismiss, stating that "Once a *foreign corporation* has submitted to the State of Michigan a proper Application requesting permission the State to issue a certificate authorizing the corporation to conduct business here, the State of Michigan issues a Certificate of Authority . . . ." (*See* ECF No 13 at Pg ID 313.)

5

Court acknowledges the fact that this is not *always* the case. Immediately after stating what the "norm" is under such circumstances, the Court continues with the qualification that this is only the case "provided that the headquarters is the *actual* center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings." *Id.* (emphasis added). The *Hertz* Court even provides the following example to clarify its conclusion: "For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York." *Id.* at 96.

Defendant's interpretation of *Hertz* is mistaken. The Supreme Court provided a clear exception to what is "normally" the principal place of business for corporations and explained that the crux of the citizenship inquiry for a corporation focuses on the state in which the top corporate officers direct, control, and coordinate the business: the location of the bulk of a corporation's general business activities or where the public perceives the corporation to be a citizen is irrelevant to the "nerve center" analysis. *See id* at 93, 96. A corporation only has one principal place of business. *See Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014) (citing *Hertz Corp.*, 559 U.S. at 92–95). The fact that Plaintiff, a foreign entity, filled out an application required to conduct business in

6

the state of Michigan does not transform its principal place of business to Michigan. *See e.g., Hertz Corp.*, 559 U.S. at 97 (rejecting the notion that a "mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.' ")  To prove its citizenship, Plaintiff provides an affidavit from one of its owners, Hassan Miah, which states the following:

> Plaintiff's two managing owners, Miranda Tan and myself . . . live and work in Syosset. Ms. Tan is the CEO
> …
> We make all the operational decisions. We were the ones who identified Defendant's property, then negotiated the Lease and Lease Termination Agreement with Defendant. We dealt with DTE. We are the ones who oversee every aspect of the Bitcoin mining operations, which itself runs nearly 100% remotely.
> …
> IT supervision of the Bitcoin mining operation and cloud-based data is conducted in Brooklyn, New York by an independent contractor named Ken Granderson; there is no data monitoring or storage in Michigan . . .
> …
> John Marhofer was an outside provider of CFO and Controller services who previously provided accounting services for Plaintiff for roughly two months.
> …
> Mr. Marhofer listed Plaintiff's "street address" in Michigan as 602 Piquette in Detroit[2] (he made a mistake -

---

[2] On the "Application for Certificate of Authority to Transact Business or Conduct Affairs in Michigan," Plaintiff also notably listed the mailing address as 6800 Jericho Tpke., Suite 120W, Syosset, NY, 11791. (Ex. A, ECF No. 13-2 at Pg ID

> this should say 601). But that address was simply the location of a container that Plaintiff licensed (not leased) to store and operate its hard assets for roughly six months.

(Ex. A, ECF No. 14-2 ¶¶ 3-5, 7-8, Pg ID 344-46.)

For the reasons stated above, the Court is satisfied that Plaintiff has met its burden under *Hertz* and established that it is completely diverse from Defendant with its principal place of business in the state of New York. The Court has subject-matter jurisdiction to hear this case.

Accordingly,

**IT IS ORDERED** that Defendant's "Motion to Dismiss Plaintiff's Complaint for lack of Subject-Matter Jurisdiction" (ECF No. 13) is **DENIED**.

                                               s/ Linda V. Parker
                                               LINDA V. PARKER
                                               U.S. DISTRICT JUDGE

Dated: May 2, 2023

---

319.) This is consistent with Plaintiff's argument that its principal place of business is New York.