UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHEETAH MINER USA INC.,

    Plaintiff/Counterclaim Defendant,

                                  Case No. 23-cv-10812

        v.                           Honorable Linda V. Parker

19200 GLENDALE, LLC,

    Defendant/Counterclaim Plaintiff.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (ECF No. 35)

This matter is before the Court on Plaintiff/Counterclaim Defendant Cheetah Miner USA Inc. ("Cheetah Miner")'s motion to amend its complaint to add Joe Caradonna ("Mr. Caradonna") as a defendant. (ECF No. 35.) Defendant/Counterclaim Plaintiff 19200 Glendale, LLC ("19200 Glendale") argues that the proposed-amendment is futile. (ECF No. 36.) For the reasons set forth below, Cheetah Miner's motion is granted.

### I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim

suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## II. Factual and Procedural Background

Cheetah Miner is in the Bitcoin mining business which "requires significant electrical capacity, as well as sophisticated hardware and software." (ECF No. 1 at ¶ 14.) On April 1, 2022, Cheetah Miner entered into an agreement with 19200 Glendale to lease industrial space to conduct its Bitcoin mining. (ECF No. 1-2 at PageID. 34.) On April 7, 2022, Cheetah Miner entered into a separate agreement with DTE Energy to provide electrical services for its Bitcoin mining operation. According to Cheetah Miner, the parties began to have "tension" as it believed that 19200 Glendale "sought to begin and/or expand its own business operations at the building and needed the electrical capacity available to" Cheetah Miner. (ECF No. 1 at ¶ 24.)

Specifically, Cheetah Miner alleges that on February 7, 2023, 19200 Glendale cut off its electrical services by moving the DTE Energy account from Cheetah Miner's name to 19200 Glendale's name. (ECF No. 2 at PageID. 87.) Cheetah Miner further alleges that, as a result, it was unable to operate its business. (*Id.*) On April 10, 2023, Cheetah Miner filed the instant lawsuit alleging: (I) a violation of Michigan's Anti-Lockout Statute, Mich. Comp. Laws § 600.2918(2)(f); and (II) Breach of Lease. (ECF No. 1 at PageID. 6-7.)

On December 7, 2023, 19200 Glendale's manager, Mr. Caradonna, sat for a deposition. During the deposition he stated that he disconnected Cheetah Miner's power supply because he believed it was stealing power. (*See* ECF No. 35-3 at PageID. 791 (alterations added) ("[I]f [Cheetah Miner] was hooked into the building power, without getting permits or electrical or a sub-metering system, then any power they were receiving was being stolen and was illegally connected, and that's why they were disconnected at some point in time.").)

Cheetah Miner now moves to amend the complaint to add Mr. Caradonna as a defendant to Count One. (*See* ECF No. 35-10 at PageID. 852-53.) It argues that Mr. Caradonna was mistaken about his obligations under the parties' lease agreement and "[a]s a result of [his] mistaken belief, he wrongly shutoff Plaintiff's power." (ECF No. 35 at PageID. 705 (alterations added).) Cheetah Miner further

3

argues that Mr. Caradonna can be held individually liable for violating Michigan's Anti-Lockout Statute. (*Id.* at PageID. 711.)

19200 Glendale argues that the proposed-amendment is futile as Mr. Caradonna does not have any personal liability. (ECF No. 36.)

### III.   Legal Analysis

To defeat futility, Cheetah Miner will need to establish that Mr. Caradonna can be held personally liable for a violation of Michigan's Anti-Lockout Statute. The statute reads, in relevant part:

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession. . . . [U]nlawful interference with a possessory interest includes 1 or more of the following:
>
> (f) Causing, by action or omission, the termination or interruption of a service procured by the tenant or that the landlord is under an existing duty to furnish, which service is so essential that its termination or interruption would constitute constructive eviction, including heat, running water, hot water, electric, or gas service.

Mich. Comp. Laws § 600.2918(2)(f) (alteration added); *see also Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 590 (6th Cir. 1990) (alterations added) ("[the] statute provides that a tenant whose possessory interest in a premises, including the termination or interruption of heat, hot water, [electrical], and gas service[s], has been unlawfully interfered with may recover either damages or possession.").

4

First, eviction under the Anti-Lockout Statute gives rise to a claim in tort. *See Elia Companies, LLC v. Univ. of Mich. Regents*, 966 N.W.2d 755, 764 (Mich. Ct. App. 2021) (alteration added) ("[P]laintiff's claim under the anti-lockout statute, MCL 600.2918, is among those claims that sound in tort."), *rev'd on other grounds*, 993 N.W.2d 392 (2023).

Second, "[i]t is well established that a corporate officer or agent is personally liable for torts committed by him *even though he was acting for the benefit of the corporation*." *In re Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir. 1985) (emphasis in original) (alteration added) (interpreting Michigan law); *see also Solek v. K & B Transp., Inc.*, No. 21-cv-10442, 2021 WL 4290181, at *5 (E.D. Mich. Sept. 21, 2021) (emphasis in original) (citing *Livonia Bldg. Materials Co. v. Harrison Constr. Co.*, 742 N.W.2d 140, 144 (Mich. Ct. App. 2007)) ("Michigan courts will . . . hold an officer of a corporation *personally* liable for *his own tortious or criminal acts*, even when that officer was acting for the benefit of the corporation, and for the actions of the corporation where that officer *caused* the corporation to act criminally or tortiously.").

The Michigan Supreme Court has explained that imposition of personal liability in such instances does not require piercing of the corporate veil, but rather derives from the concept that a corporate officer may not escape liability for "their

own tortious misconduct" by "hid[ing] behind the corporate form." *Dep't of Agric. v. Appletree Mktg.*, 779 N.W.2d 237, 247 (Mich. 2010) (alteration added).

Here, Cheetah Miner alleges that Mr. Caradonna, an officer of 19200 Glendale, engaged in tortious conduct by unlawfully interfering with its possession of the premises. The law is clear that corporate officers can be held personally liable for their tortious acts and that unlawful interference, in violation of Michigan's Anti-Lockout Statute, is a tortious act. Thus, Cheetah Miner's proposed amendment does not fail for futility as it adequately alleges that Mr. Caradonna is personally liable for his tortious conduct in terminating its power supply, in violation of the statute. Cheetah Miner will, therefore, be given the opportunity to test this claim on the merits.

## IV.   Conclusion

For the reasons set forth above, the Court concludes that Cheetah Miner's proposed amendment to add Mr. Caradonna as a defendant to Count I does not fail for futility.

Accordingly,

**IT IS ORDERED** that that Cheetah Miner's motion to amend its complaint (ECF No. 35) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 13, 2024