UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHEETAH MINER USA INC.,

      Plaintiff/Counter-Defendant,          Case No. 2:23-CV-10812
                                        District Judge Linda V. Parker
v.                                Magistrate Judge Anthony P. Patti

19200 GLENDALE, LLC,

      Defendant/Counter-Plaintiff/
      Third-Party Plaintiff.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (ECF No. 41) and PLAINTIFF'S MOTION TO COMPEL (ECF No. 46)

**A.**    **Background**

On April 10, 2023, Plaintiff Cheetah Miner USA Inc. initiated this action against its landlord, Defendant 19200 Glendale, LLC. (ECF No. 1.) An amended complaint was filed, by leave of Court, on June 17, 2024. (ECF No. 49.)

Before the Court are two discovery motions to compel, one brought by Defendant on May 20, 2024 (ECF No. 41) and one brought by Plaintiff on June 15, 2024 (ECF No. 46). Both motions were referred to me by Judge Parker. (ECF Nos. 44, 47.) On July 23, 2024, I conducted a hearing, at which Attorneys Donovan Solanus Asmar and Jonathan B. Frank appeared.

**B.     Order**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendant's May 20, 2024 motion to compel (ECF No. 41) and Plaintiff's June 15, 2024 motion to compel (ECF No. 46), as framed by the joint statements of resolved and unresolved issues (ECF Nos. 54 & 55) and the stipulations (which the Court will enforce) and parameters spelled out by counsel on the record, are **GRANTED IN PART AND DENIED IN PART**.

**1.  Defendant's motion to compel (ECF No. 41)**

Defendant's May 20, 2024 motion to compel (ECF No. 41) is **GRANTED IN PART**.  As to Document Requests No. 6-11, excluding No. 7, Plaintiff's objections are sustained in part as to overbreadth.  Plaintiff is **DIRECTED** to produce documents responsive to the requests, but the Court will impose a temporal component and limit the requests to responsive documents from October 2021 to the present.  As to Request No. 12, the Court finds it sufficiently limited as written and **ORDERS** Plaintiff to respond to the request.  Plaintiff shall serve their responses by **August 13, 2024**.

**2. Plaintiff's motion to compel (ECF No. 46)**

As to Plaintiff's June 15, 2024 motion to compel (ECF No. 46), the parties were provided a recess during which to confer and attempt to reach agreement on any part of the motion, with particular direction to work hard to resolve disputes concerning Plaintiff's document requests. The parties productively used their time to narrow the issues.

**a. Stipulations**

Without waiving any objections, the parties have stipulated that the following discovery responses will be supplemented by **August 13, 2024**[1]:

- Interrogatories Numbers 1-7
- Requests for Production Numbers 8-14, 17, 19
- Requests to Admit Numbers 1-5
- IHC Subpoena Numbers 1, 2, 6-16[2]

The parties have agreed that Interrogatories 8 and 9 are not at issue.

**b. Requests to produce**

With respect to the remainder of the motion, the Court ruled on the record that the following would be produced by **August 13, 2024**:

- Request for Production Number 1

---

[1] Most of these stipulations were made during the recess and placed on the record at the resumption of the hearing, but some were then conceded and made later on.

[2] The parties originally said 1, 2, 6, 7-13. Then later during the hearing, Defendant conceded 14-16 and added them in.

- Request for Production Numbers 2-7, limited to all documents related to or supporting common area maintenance and any documents reflecting segregated or designated accounts for maintenance
- Request for Production Numbers 15 & 16
- Request for Production Number 18, limited to portions of any and all purchase agreements related to the relevant property that deal with utilities

### c. Subpoena to IHC

As to the subpoena to IHC, the Court sustained the objections to Request for Production Numbers 19-21, 23-26 as overbroad and will not order further production in response to those requests, but ruled on the record that the following must be produced by **August 13, 2024**:

- Request for Production Number 3
- Request for Production Numbers 4 & 5, limited to the time period from April 2022-present
- Request for Production Numbers 17
- Request for Production Number 18, limited to the time period from October 2021-May 2023
- Request for Production Number 22, limited to those responsive documents that relate to "expansion for electrical service at 19200 Glendale" from October 2021-May 2023

### d. Kouza deposition

With respect to the deposition of Chris Kouza, a minority member of 19200 Glendale and attorney, the Court finds that his testimony is discoverable and any objections to the deposition being taken are overruled. *See Buetenmiller v. Cogswell*, No. 20-11031, 2021 WL 1837750, at *2 (E.D. Mich. May 7, 2021) (Ivy, MJ) (the right to take a deposition is a "broad" one because depositions are such an

4

important tool in discovery) (citing and quoting *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998)).  Indeed, "[c]onsidering the importance of depositions, courts have stated that a 'party has a general right to compel any person to appear at a deposition.'" *Buetenmiller* at *2 (quoting *CSC Holding, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)).  Further, the Court does not necessarily agree with Defendants' assertion that a subpoena is required to compel his appearance at a deposition.  *See generally Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009) (holding that, unlike a corporation, a limited liability company has the citizenship of each of its members).  However, out of an abundance of caution, the Court will order that a subpoena be issued.[3]  Counsel are instructed to work together to arrive at a mutually convenient time and place for Mr. Kouza's deposition, to take place no later than **August 31, 2024**.

**e.  Costs and expenses**

Because neither party was wholly successful in the outcome of either of these motions, the Court will not award costs.  *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[4]

---

[3] Counsel for Defendant indicated he would accept the subpoena on behalf of Mr. Kouza.

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated:  July 25, 2024                    s/*Anthony P. Patti*
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE